UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JAMES CHAMBERLAIN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| ALFRED MONTOYA, MD, DIRECTOR, ) | |
| MANCHESTER VA MEDICAL CENTER, ) | |
|     Defendant. ) | |

**PRELIMINARY STATEMENT**

This is an action requesting injunctive relief pursuant to the first amendment of the Constitution of the United States of America. The plaintiff, JAMES CHAMBERLAIN, and others are seeking the removal of a Christian Bible from the POW/MIA table in the entrance way of the Manchester VA Medical Center.

**JURISDICTION**

Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1346(b).

**VENUE**

Venue is proper for the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

1. Plaintiff, JAMES CHAMBERLAIN, is a veteran of the United States Air Force and a resident of New Hampshire. He was raised Catholic but now is a

congregant at the First Congregational Church, United Church of Christ, in Barrington, New Hampshire.

2.  Defendant ALFRED MONTOYA, MD, is the Director of the Manchester VA Medical Center [MVAMC], a medical facility in Manchester, New Hampshire, tasked by the Veterans Administration of the United States to provide care to eligible veterans, whatever their race, gender, or religious beliefs or affiliation. He is being sued in his official capacity.

## FACTS

3.  The plaintiff, a devout Christian, believes that our Constitution prohibits the establishment by the government of any specific religious belief and prohibits discrimination against any person because of their religious beliefs or lack thereof. Despite his strong personal religious beliefs, he believes that the Christian Bible has no place being displayed on the POW/MIA table at the entrance way to the MVAMC, where he gets his care. As a Christian, he respects and loves all his military brothers and sisters and does not want to be exclusionary by the placement of the Christian Bible.

4.  During the last weekend of January 2019, the Military Religious Freedom Foundation [MRFF] received complaints from fourteen military veterans concerning the placement of a Christian Bible on the POW/MIA display table at the MVAMC. The table was located off to one side in the entrance lobby of its main building.

5. MRFF is a nationally recognized civil rights advocate organization with the primary mission of protecting the separation of church and state in the United States military and the Veterans Administration. MRFF currently represents approximately 64,000 service members and veterans; about 95% of whom self-identify as practicing Christians. The others consist of Jewish, Buddhist, Hindu, Sikh, Native American Spiritualist, Humanist, Pagan, Atheist, Muslim, and other minority faith and non-faith military members and veterans.

6. All fourteen of those who complained to MRFF were patients at the MVAMC.

7. Nine of the complainants identify as either Protestant or Roman Catholic.

8. The remaining practice other faiths, such as; Jewish, Muslim, Native American, Buddhist and atheist/agnostic.

9. All fourteen objected to the placement of the Christian Bible on that POW/MIA table and believed it to be an unlawful display.

10. All fourteen requested that MRFF give immediate voice to their objections to the leadership at the MVAMC, including defendant MONTOYA, regarding the Christian Bible placement. They did so on the condition that MRFF would protect their identities. They feared reprisal.

11. On January 28, 2019, MRFF Founder and President Michael L. Weinstein made phone calls to the MVAMC leadership to demand the removal of the Christian Bible from the POW/MIA table display.

12. Approximately three hours after making the initial demand on January 28, to Mr. Corey Beem, Acting Staff Assistant to defendant MONTOYA, Weinstein received an e-mail from Beem. It stated, in part, "I want you to know that you can inform your clients that the Manchester VAMC has the utmost respect and admiration for all Veterans, regardless of their beliefs. As such, we are going to be removing the Bible from the display to better serve all veterans."

13. The complainants confirmed that later that day the Christian Bible had in fact been removed.

14. On the evening of Saturday, February 23, 2019, MRFF was again contacted by some of the complainants. They stated that the very same Christian Bible, which had been removed some three-plus weeks earlier from the POW/MIA display, was now back on display. It was in a locked plexiglass box on the POW/MIA table located right near the main entrance of the MVAMC.

15. MRFF sent an e-mail to Beem that same evening objecting to the new, even move objectionable, placement of the Christian Bible.

16. After the Christian Bible was put in its new location, a fifteenth complainant, the plaintiff JAMES CHAMBERLAIN, came forward and was willing to publicly prosecute this action, although he receives his medical care at the MVAMC.

17. The POW/MIA table is also known as the missing man or fallen comrade table. It has special meaning to all service members and veterans. It helps honor the men and women who have sacrificed to protect and serve us all.

18. As such, it should be a memorial to all who have served regardless of their beliefs or faith traditions. The original POW/MIA table tradition was started by a group of Vietnam combat pilots and did not include a Bible as one of the table items.

19. We would all be outraged if the MVAMC only provided care to Christians, or denied care to non-believers, or those who worship their God in other ways. The placement of a Christian Bible on this sacred table is just as objectionable.

20. The first amendment of the United States Constitution states, in relevant part, "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof."

21. The placement of the Christian Bible, here, is in violation of that fundamental proscription --- that the government may not establish any religion. Nor can the government give favoritism to one religious belief at the expense of others.

22. That basic principle was key to the founding of our republic.

23. <u>Lemon v. Kurtzma</u>, 403 U.S. 602 (1970), made clear that for a government action to survive, it needs a secular purpose and a secular effect and no excessive entanglement between government and religion.

24. Here, the placement of the Christian Bible in a locked case on the POW/MIA table puts forth the Christian beliefs of some, at the expense of the beliefs of non-Christians.

25. On March 25, 2019, plaintiff's counsel, Lawrence A. Vogelman, sent a letter to defendant MONTOYA requesting the removal of the Bible from the table.

26. On April 4, 2019, Vogelman received a letter from a Staff Attorney at the U.S. Department of Veterans Affairs claiming that the Bible placement was not unconstitutional. This lawsuit followed.

27. There is no adequate remedy at law, here. Injunctive relief is the only vehicle available to the plaintiff.

## **RELIEF SOUGHT**

28. Plaintiff JAMES CHAMBERLAIN requests that this Court:

    a. Issue a preliminary injunction requiring the removal of the Christian Bible from the POW/MIA table at the MVAMC;
    b. Issue a permanent injunction requiring the removal of said Bible;
    c. Ordering the plaintiff costs, and reasonable attorneys' fees; and
    d. Granting what further relief this Court believes is appropriate.

Date: May 7, 2019
Manchester, New Hampshire      /s/Lawrence A. Vogelman
              Lawrence A. Vogelman (#10280)
              Nixon, Vogelman, Barry, Slawsky & Simoneau
              77 Central Street
              Manchester, NH 03101
              Phone:  603-669-7070
              Email:  Lvogelman@davenixonlaw.com
              Attorneys for Plaintiff, JAMES CHAMBERLAIN